**Lizjaira CONCEPCION–NAVEDO, Plaintiff**

v.

**PUTNAM LAC HOLDING, LLC; PFPR–I, LLC, d/b/a Planet Fitness; Insurance Companies X,Y,Z, Defendants**

**CIVIL 14–1337CCC**

United States District Court,
D. Puerto Rico.

Signed March 31, 2015

Luis Enrique Romero–Nieves, Cuevas Kuinlam, Marquez & O'Neil, San Juan, PR, for Plaintiff.

Amancio Arias–Guardiola, Arias Cestero & Arias Guardiola, San Juan, PR, Roberto Abesada–Aguet, Correa Acevedo & Abesada Law Offices, PSC, Guaynabo, PR, for Defendants.

**ORDER**

CARMEN CONSUELO CEREZO,
United States District Judge

Before the Court is a Motion to Remand submitted by plaintiff Lizjaira Concepción–Navedo (**D.E. 13**)[1] who on April 2, 2014 filed in the Commonwealth of Puerto Rico Court of First Instance a complaint for damages for mental anguish and economic losses as well as a request for a preliminary/permanent injunction to enjoin the operation of a gymnasium, which was removed to this Court by defendant Putnam LAC Holding LLC (Putnam) on April 25, 2014 (D.E. 1). Plaintiff claims that her request for damages does not meet the jurisdictional amount requirement of 28 U.S.C. § 1332. In her complaint, she alleged that, since March 23, 2011, she is the owner of apartment 122 located in the Ciudadela Condominium in Santurce, des-

---

1. The related filings also before us are defendant PFPR–2's Opposition to Remand with an Exhibit Declaration Under Penalty of Perjury Pursuant to 28 U.S.C. § 174 filed on June 16, 2014 (D.E. 18), defendant Putnam LAC Holding LLC's Motion Submitting Exhibits in Support of Removal filed on July 11, 2014 (D.E. 22), and plaintiff's Motion in Request for Leave to Reply and Extension of Time to that End, with Regard to Motion Submitting Exhibits with tendered Reply filed on July 24, 2014 (D.E. 24).

tined for residential purposes and that at the time she acquired said apartment, the premises located right below her apartment were unoccupied. She avers that at the beginning of the month of June 2012, defendant PFPR–1 entered into a lease agreement with co-defendant Putnam and commenced to operate a Planet Fitness Gymnasium in the vacant space below her apartment. She alleges that the operations of the Gymnasium are seven (7) days a week and from Monday to Thursday, twenty four (24) hours a day, and that the disturbance of the loud noises and the vibrations produced by the use of weights are felt during late night hours and the early morning (7:30 PM to 10:00 PM and from 2:00 AM to 4:00 AM), creating discomfort, unrest, insomnia, anxiety and panic to her and to her companion. Plaintiff claims that as a result of the daily operations of the Gymnasium and since no remedy whatsoever was provided, she has suffered physical damages, economic losses, as well as emotional damages and mental anguish which are reasonably estimated in an amount of not less than $60,000. She has also requested a preliminary and permanent injunction against the defendants requesting that gym operations cease.

Putnam removed the case (D.E. 1) anchored on the basis that: (1) there is diversity of citizenship because plaintiff is a citizen and resident of Puerto Rico and the defendants are not citizens of Puerto Rico [2] and (2) plaintiff valued her damages in an amount of not less than $60,000, thereby leaving ample room to obtain monetary redress in excess of $75,000. On April 28, 2014, PFPR–2, LLC submitted itself to the jurisdiction of this Court alleging that PFPR–1 is **not** the owner or operator of the Planet Fitness gym located in Ciudadela, that **it** (PFPR–2) is the real party in interest because it is the owner and operator of the Planet Fitness Gymnasium located in Ciudadela, that the complaint should be dismissed against PFPR–1 and that it consents to the removal.

The only dispute raised with regard to the remand request is the § 1332 jurisdictional amount requirement. As stated earlier, this action involves not only a claim for personal damages but also a request to enjoin defendants from continuing to allow the operation of the Planet Fitness Gymnasium at its present location. The amount in controversy, therefore, must be measured also taking into account the cost to defendants in complying with the proposed injunctive relief.

In McCarty v. Amoco Pipeline Co., 595 F.2d 389, 393 (7th Cir. 1979), the Seventh Circuit followed the so-called "either viewpoint" rule stating:

Under this rule, as the court stated it in Ronzio v. Denver & R.G.W.R. Co., 116 F.2d 604, 606 (10th Cir. 1940) (footnotes omitted):

In determining the matter in controversy, we may look to the object sought to be accomplished by the plaintiffs' complaint; the test for determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce.

Although there are no Supreme Court cases directly on point, some support for this third rule can be found in the Court's opinions. In Smith v. Adams, 130 U.S. 167, 175, 9 S.Ct. 566, 569, 32 L.Ed. 895 (1889), the Court stated:

(O)ur appellate jurisdiction in this case depends upon whether the amount in dispute, exclusive of costs, exceeds the sum designated. By matter in dispute is meant the subject of litigation, the matter upon which the action is brought and

---

2. Putnam alleges its sole member is Putman Bridge Funding III LLC, a Delaware limited liability company with its principal place of business in Greenwich, Connecticut.

issue is joined, and in relation to which, if the issue be one of fact, testimony is taken. It is conceded that the pecuniary value of the matter in dispute may be determined, not only by the money judgment prayed, where such is the case, but in some cases by the increased or diminished value of the property directly affected by the relief prayed, or by the pecuniary result to one of the parties immediately from the judgment.

See also Smith v. Washington, 593 F.2d 1097, 1099 (D.C. Cir. 1978), where the Court expressed:

In Hunt v. Washington State Apple Advertising Commission, 432 U.S. 333, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977), the Supreme Court set forth the standard for determining whether a complaint for declaratory or injunctive relief satisfies the requisite amount in controversy under 28 U.S.C. s 1331(a) (1976). The Court there held that a complaint should not be dismissed for want of the requisite jurisdictional amount unless it appears "to a legal certainty" that the plaintiff's claim does not amount to $10,000. In assessing whether a complaint satisfies that standard, a court may look either to "the value of the right that plaintiff seeks to enforce or to protect" or to the cost to the defendants to remedy the alleged denial.

Accord E. Chemerinsky, Federal Jurisdiction, § 5.3, pp. 330–332 (6th Ed. 2012).

Considering the combination of the plaintiff's claim for compensation for personal injuries in at least the sum of $60,000.00 and the injunctive relief requested against defendants which consists of enjoining the operation and daily activities at the Planet Fitness Gymnasium located at Ciudadela, the Court finds that the jurisdictional amount requirement in excess of $75,000.00 is met in this case.

Accordingly, and for the reasons stated, the Motion to Remand filed by plaintiff on May 27, 2014 (**D.E. 13**) is DENIED.

SO ORDERED.